# In the United States Court of Federal Claims

No. 18-514C
(Filed October 29, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
CECIL DEWITT NELSON,                *
                                    *
            Plaintiff,              *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

This case was filed in our court on April 4, 2018, by plaintiff Cecil DeWitt Nelson, representing himself. Mister Nelson is a prisoner at the Florence High United States Penitentiary, in Colorado, where he is currently serving a life sentence for conspiracy to kidnap. *See Nelson v. United States*, No.CR 612-005, 2018 WL 3398138, at *1 (S.D. Ga. July 12, 2018).

Plaintiff claims that the district court which sentenced him did not have jurisdiction over his case, because Congress allegedly did not properly pass Public Law 80-772, and thus 18 U.S.C. § 3231 was never constitutionally enacted. Compl. at 1–4. He contends that the prosecuting and defense attorneys forged his signature on a plea agreement, which allowed a longer term of imprisonment than the 120-months limit in the one he claims to have signed. *Id.* at 2. And Mr. Nelson maintains that he was never properly served or named in the criminal proceeding because his name in the heading of court documents was spelled entirely in capital letters, thus allegedly violating the 4th, 5th, 6th, 7th, 8th, 9th, and 10th amendments to the U.S. Constitution. *Id.* at 2, 4. His requested relief includes a declaration that provisions of title 18 are unconstitutional, his ordered release from prison due to legal innocence, and damages of $3,500 per day from his indictment until his release. *Id.* at 5.

The government has moved to dismiss the case under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), arguing that this court does not have

subject-matter jurisdiction over any of plaintiff's claims. Def.'s Mot. for Summ. Dismissal (Def.'s Mot.), ECF No. 6 at 1, 5–8. Among other things, defendant notes that our court's jurisdiction over unjust conviction requires the allegation that a conviction was set aside, or that the convicted individual was pardoned, because the convict was not guilty, id. at 5–6 (citing 28 U.S.C. §§ 1495 & 2513); that our jurisdiction over plea agreements is limited to breaches of agreements that expressly provide for a money damages remedy, id. at 7 (citing Sanders v. United States, 252 F.3d 1329, 1335 (Fed. Cir. 2011)); and that none of the constitutional violations alleged by Mr. Nelson concern a money-mandating provision that would support jurisdiction under 28 U.S.C. § 1491, id. at 7–8.

In his response to the government's motion, Mr. Nelson contends that our court has jurisdiction under two provisions of RCFC 60. Pl.'s Resp., ECF No. 7 at 1–3. He argues that this court can provide him relief from his conviction as a void judgment under RCFC 60(b)(4), or for fraud on the court under RCFC 60(d)(3). Id. Plaintiff reiterates his arguments concerning the passage of Public Law 80-772, the capitalizing of his name, and the alleged forged signature on the plea agreement, and maintains that the district court judge violated 28 U.S.C. §§ 454–55 and the oath of office. Id. at 2–5.[1] The government in reply restates its previous arguments, Def.'s Reply, ECF No. 10 at 1–3, 5–6, and argues that RCFC 60 cannot provide jurisdiction for our court to hear the challenge to a criminal conviction in another court, id. at 3–5.

It appears that Mr. Nelson misunderstands the nature of this court's jurisdiction. Our court has no jurisdiction to review the decisions of other courts. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In particular, we have no power to entertain collateral attacks on criminal convictions. See Carter v. United States, 228 Ct. Cl. 898, 900 (1981). Under the Tucker Act, 28 U.S.C. § 1491(a)(1), we are empowered to hear claims of violations of constitutional provisions that mandate the payment of money when violated. See United States v. Mitchell, 463 U.S. 206, 216–17 (1983). None of the constitutional provisions identified by Mr. Nelson fall in that category. See Dupre v. United States, 229 Ct. Cl. 706 (1981) (Fourth and Sixth Amendments); Webster v. United States, 74 Fed. Cl. 439, 444 (2006) (Seventh Amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) (Ninth Amendment); Fry v. United States, 72 Fed. Cl. 500, 507 (2006) (Fourth and Tenth Amendments). To the extent plaintiff relies on the Due

---

[1] In a supplement to his response, submitted after the government's reply was filed, Mr. Nelson stresses his argument that the rendering of his name in all capitals connotes an artificial entity. Pl.'s Suppl., ECF No. 14. Plaintiff was also allowed to file another document pertaining to this matter, which is difficult to comprehend and appears irrelevant to the issue of our jurisdiction. See Pl.'s Letter, ECF No. 13.

Process Clause of the Fifth Amendment, that provision is not money-mandating.[2] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clause of the Fifth Amendment is not money-mandating).

Nor does 28 U.S.C. § 1495 provide our court with jurisdiction over this matter. As defendant correctly explains, *see* Def.'s Mot. at 5–7, our court's jurisdiction over unjust conviction and imprisonment claims under that statute is limited to a very narrow set of circumstances. In order for this court to have jurisdiction under section 1495, a plaintiff must allege and prove that his conviction has been reversed or set aside, or he has been pardoned, on the ground that he is not guilty, and that he did not commit the acts which were the basis of his conviction, in accordance with the requirements of 28 U.S.C. § 2513(a). *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958). Here, defendant has not alleged that his conviction has been set aside—to the contrary, he is currently serving a life sentence in prison. Accordingly, section 1495 provides no basis for the exercise of jurisdiction over Mr. Nelson's case.[3]

Plaintiff's claim regarding his plea agreement likewise does not come under our court's jurisdiction. While we could entertain the allegation that a valid plea agreement has been breached, if the agreement contains "an unmistakable promise to subject the United States to monetary liability," *Sanders v. United States*, 252 F.3d 1329, 1336 (Fed. Cir. 2001), Mr. Nelson is not alleging that such a promise exists. To the contrary, he contends that the agreement is void. But since our jurisdiction over contract claims requires the existence of a contract with the United States in the first place, *see* 28 U.S.C. § 1491(a)(1), we have no jurisdiction over a claim to invalidate a purported contract. *See Taylor v. United States*, 73 Fed. Cl. 532, 545–46 (2006). And finally, RCFC 60 can only be used to set aside one of our own court's prior judgments, not those of other courts. *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015)

---

[2] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

[3] A persuasive case can be made that Mr. Nelson's failure to allege facts necessary to place the matter within 28 U.S.C. §§ 1495 and 2513 should result in dismissal for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). *See Sykes v. United States*, 105 Fed. Cl. 231, 234 (2012) (citing *Fisher v. United States*, 402 F.3d 1167, 1171–76 (Fed. Cir. 2005) (en banc)). Because Mr. Nelson concedes that his conviction has not been set aside for any reason, the result for plaintiff under this alternative ground would be the same. *See Bolduc v. United States*, 72 Fed. Cl. 187, 192 (2006) (explaining how facts alleged in complaint can be basis for converting an RCFC 12(b)(1) motion to one under RCFC 12(b)(6)).

Case 1:18-cv-00514-VJW   Document 15   Filed 10/29/18   Page 4 of 4

(citing *Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972)). Thus, it is no basis for jurisdiction over Mr. Nelson's claims.

In sum, even if everything that Mr. Nelson alleges is true, there is nothing that our court can do about it.[4] As none of plaintiff's claims fall under our court's subject-matter jurisdiction, the government's motion to dismiss this case is **GRANTED** pursuant to RCFC 12(b)(1). The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge

---

[4] The Court notes that Mr. Nelson's contentions concerning Public Law 80-772 have previously been found to be frivolous, *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *4 (Fed. Cl. July 31, 2013), and that his argument regarding the rendering of his name in all capital letters fares no better.